UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VINCENT DANIEL HOPPER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE MYERS RECREATIONAL COACH NORTHWEST DETENTION CENTER *et al.*,<br><br>　　　　　Defendants. | Case No.  C05-5680RBL<br><br>REPORT AND RECOMMENDATION REGARDING CLASS CERTIFICATION<br><br>**NOTED FOR:**<br>**FEBRUARY 17th , 2006** |

　　　　This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the Court are three motions for class certification.  (Dkt. # 4, 6, and 9).  Two of the motions were filed by Mr. Roberto Miranda Lopez.  (Dkt. # 4, and 6).  Since December 19th, 2005 the court has not has a current address for Mr. Lopez and mail sent to him has been returned to the court.  Mr. Lopez's motions will not be considered until the court has a current address for him. If he wishes to have the court consider his motions he will need to file a motion to re-note the motions and provide a current address.

　　　　The third motion has been filed by Mr. Mohame Yasn Ali.  (Dkt. # 9).  This Report and Recommendation deals only with his motion.

## FACTUAL BACKGROUND

　　　　Plaintiff challenges access to courts and the telephone system at the Northwest Detention Center.  He alleges the library is inadequate because it only provides a limited amount of information on how to challenge INS proceedings and no information on how to file a challenge to underlying convictions that may be

REPORT AND RECOMMENDATION
Page - 1

1  predicates to deportation. The also alleges the library is inadequate to allow for a conditions of confinement
2  challenge.  He argues the telephone system does not allow for completion of calls to consulates or embassies
3  and does not allow for confidential attorney calls.  (Dkt. # 11, amended complaint).
4      Mr. Ali's motion seeks to certify a class bases upon a completely different cause of action. Lack of
5  Halal diets for Muslim detainees.  (Dkt. # 9)

6 DISCUSSION

7      The prerequisites for a class action are set forth in Fed. R. Civ. P. 23.  Under section (a) a member
8  of the class may sue on behalf of the class only if: (1) the class is so numerous that joinder is impractical,
9  (2) there are questions of law or fact common to the class,(3) the claims or defenses of the representative
10 are typical of the class, and (4) the representative will fairly and adequately represent the class.
11 Fed.R.Civ.P. 23 (a).
12     Mr. Ali has not made any showing that the class is so numerous as to warrant a class or that the
13 plaintiff has the ability to represent the interests of a class.  Further, the issues raised in Mr. Ali's motion
14 are not part of the complaint.  Mr. Ali seems to believe this action challenges conditions of confinement.
15 The action only challenges access to courts and the two conditions associated with that issue.  The motion
16 for class certification should be **DENIED.**

17 CONCLUSION

18     The Court should **DENY** the motion for class certification.  None of the three prerequisites for
19 certification are present.  A proposed order accompanies this Report and Recommendation.
20     Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
21 parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ.
22 P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v</u>
23 <u>Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to
24 set the matter for consideration on **February 17th,  2006**, as noted in the caption.

25     DATED this 6th day of January, 2006.
26
27
28                                 */S/ J. Kelley Arnold*
                                J. Kelley Arnold
                                United States Magistrate Judge