UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VINCENT DANIEL HOPPER,

    Plaintiff,

v.

JOHN DOE MYERS RECREATIONAL COACH NORTHWEST DETENTION CENTER *et al.*,

    Defendants.

Case No. C05-5680RBL

REPORT AND RECOMMENDATION REGARDING DEFENDANT'S FIRST MOTION TO DISMISS

**NOTED FOR:**
**JUNE 9th , 2006**

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the Court is the first of two motions to dismiss filed by the defendants. (Dkt. # 50). The second motion is not noted to be heard until May 26th, 2006. (Dkt. # 67).

    Plaintiff in this action challenges the sufficiency of the law library at the Northwest Detention Center. (Dkt. # 11). He also challenges photo copying policies and the phone system claiming both deny him adequate legal access under the First and Fourteenth Amendments. (Dkt. # 11). Plaintiff seeks damages for injury to cases he is pursuing and injunctive relief. (Dkt. # 11).

    Defendants move to dismiss, claiming plaintiff is no longer at the Northwest Detention Center and therefore his injunctive claims are moot. (Dkt. # 50). Defendants also claim plaintiff can show no injury to any litigation and his action must therefore be dismissed. (Dkt. # 50).

    Plaintiff has not responded to the pending motion, but, mail sent to him has been returned as undeliverable. (Dkt. # 58, 56, 59, 63, 64). As defendants argue plaintiff is no longer at the facility the court will not consider plaintiff's lack of response as an admission that the motion has merit as allowed by

REPORT AND RECOMMENDATION
Page - 1

1  Local Rule 7.

## DISCUSSION

Counsel does not indicate if this motion is brought pursuant to Fed. R. Civ. P 12 (b)(6), Fed. R. Civ. P. 12 (b) (1), or some other unenumerated Rule 12 motion. As counsel has presented evidence outside of the pleadings the court will consider the motion under Fed. R. Civ. P 12 (b)(1). If the court were not proceeding under Fed. R. Civ. P 12 (b)(1) the motion would have to be converted to a motion for summary judgment. A motion under Fed. R Civ. P 12 (b)(1) is a jurisdictional challenge and the court may consider information outside the pleadings.

Counsel argues plaintiff's claims for injunctive relief are moot because of his transfer out of the facility, and they provide documents showing plaintiff's transfer to local law enforcement authorities. (Dkt. # 50). Contrary to counsel's assertions plaintiffs claims are not moot, however plaintiff lacks standing to proceed with his injunctive claims. The concepts of mootness and standing are closely related. Both concepts address whether there is a live case and controversy before the court. The difference is that mootness addresses an issue while standing addresses a plaintiff's individual right to have the issue resolved. When considering mootness the court may consider if the issue is capable of repetition but evading review. In contrast, for a person to raise the issue they must always have standing and the capable of repetition doctrine does not apply.

Unless conditions at the facility have changed the injunctive issue is not moot. Further, plaintiff may have a claim for damages that is independent of standing to seek injunctive relief. However, in order to proceed with a claim for injunctive relief plaintiff must be able to show real and immediate threat of irreparable injury and no adequate remedy at law. <u>City of Los Angels v. Lyons</u>, 461 U.S. 95 (1983).

Plaintiff's transfer out of the Northwest Detention Center deprives him of standing to seek injunctive relief and defendant's motion to dismiss injunctive relief claims must be **GRANTED.**

Defendants also ask the court to dismiss the damage claims as plaintiff cannot show injury in fact. (Dkt. # 50, page 7 through 10). While this argument is presented as a challenge to the case or controversy requirement of Article III counsel is asking the court to weigh the evidence. A motion to dismiss under Fed. R. Civ. P. 12 (b)(6) challenges only the sufficiency of the complaint. A motion to dismiss Fed. R. Civ. P 12 (b)(1) only challenges jurisdiction of the court and does not address the merits of a claim. Defendants

REPORT AND RECOMMENDATION
Page - 2

ask the court to consider whether plaintiff's allegations are in fact true, the allegation is that cases plaintiff was litigating were injured by the access to courts provided him at the Northwest Detention Center. At this stage of the proceedings material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. <u>Keniston v. Roberts</u>, 717 F.2d 1295 (9th Cir. 1983). The motion to dismiss damage claims must be **DENIED**. a proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 9th, 2006**, as noted in the caption.

DATED this 18th day of May, 2006.

<u>*/S/ J. Kelley Arnold*</u>
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3