1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VINCENT DANIEL HOPPER,

        Plaintiff,

        v.

JOHN DOE MYERS RECREATIONAL
COACH NORTHWEST DETENTION
CENTER *et al.*,

        Defendants.

Case No.  C05-5680RBL

REPORT AND
RECOMMENDATION

**NOTED FOR:**
**JUNE 30$^h$ , 2006**

This <u>Bivens</u> action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the Court is defendant's motion to dismiss.  (Dkt. # 67).  Defendant's previously filed motion to dismiss has been withdrawn.  (Dkt. # 50).

In the current motion defendants argue:

> Petitioner alleges a violation of his constitutional right of access to the courts, claiming that the contents of the law library at the Northwest Detention Center ("NWDC") is inadequate. Petitioner also raises challenges to the telephone system at the NWDC. Petitioner has named the warden of the NWDC and numerous NWDC employees both in their official and personal capacities.
> Petitioner has also named Michael Melendez, Officer in Charge at the Bureau of Immigration and Customs Enforcement ("BICE"), in his official capacity, and BICE in its official capacity. But Petitioner cannot maintain a Section 1983 or Monell action against the

REPORT AND RECOMMENDATION
Page - 1

Federal Respondents in their official capacity. The United States has also have [sic] not waived sovereign immunity such that Petitioner can maintain an action for alleged constitutional violations against the Federal Respondents in their official capacities. As such, the Federal Respondents must be dismissed from this law suit.

(Dkt. # 67 page 1 and 2).

## DISCUSSION

Defendants misconstrue the nature of the complaint and the difference between an official and individual capacity suit. A government employee, federal or state, cannot be sued for damages in their official capacity in federal court. Such a suit would in fact be a suit against the government itself. The government enjoys immunity, either sovereign or under the Eleventh Amendment. When a government employee federal or state does violate a persons rights they are acting beyond their legal authority and may be sued for damages in their individual capacity.

When a person is seeking injunctive relief to prevent future violations, the government employee must be sued in their official capacity. It is in their official capacity that the government employee has the authority to act on behalf of the government and initiate the changes needed to carry out the injunctive relief. Kentucky v. Graham, 473 U.S. 159 (1985).

With these concepts in mind the court considers defendants motion. Plaintiff seeks damages as well as injunctive relief. (Dkt. # 17). Therefore it is appropriate that he names the defendants in both their individual and official capacity. As defendants note, defendant Michael Melendez is named only in his official capacity as the officer in charge at the Bureau of Immigration and Customs Enforcement, "BICE.". Review of the complaint shows that plaintiff does not indicate defendant Melendez personally participated in any violation of his rights. The court concludes that Melendez is named as a defendant for injunctive purposes only.

BICE itself is also a named defendant. Defendants are correct in noting that this defendant must be dismissed. The government itself enjoys sovereign immunity.

In conclusion defendants motion should be **DENIED** as to all defendants except BICE. BICE should be dismissed from this action. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to

REPORT AND RECOMMENDATION
Page - 2

1 | set the matter for consideration on **June 30th, 2006**, as noted in the caption.

2

3 |     DATED this 1st day of June, 2006.

                  <u>/S/ *J. Kelley Arnold*</u>
                  J. Kelley Arnold
                  United States Magistrate Judge