UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VINCENT DANIEL HOPPER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>G. WIGEN WARDEN NORTHWEST DETENTION CENTER *et. al.*,<br><br>　　　　Defendants. | Case No. C05-5680RBL<br><br>ORDER ON PLAINTIFF'S MOTION TO STAY, AND MOTION TO TRANSFER THE CASE, AND ON DEFENDANT'S MOTION TO WITHDRAW THE FIRST MOTION TO DISMISS |

　　　This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). The plaintiff has been granted leave to proceed *in forma pauperis*. Plaintiff seeks injunctive relief and damages in this action. He challenges legal library access policies for detainees such as himself. (Dkt. # 1). Before the court is plaintiff's motion asking to stay the case and continue defendants motion to dismiss. (Dkt. # 69), Plaintiff also asks this action be transferred to Judge Burgess. (Dkt. # 70).

　　　Defendants filed two motions to dismiss. (Dkt. # 50 and 67). Defendants now ask that the first motion to dismiss be withdrawn. (Dkt. # 73). Defendant's counsel states that a motion to withdraw the first motion to dismiss was signed May1st, 2006, after Mr. Hopper was returned to

ORDER - 1

Federal custody from local law enforcement. (Dkt. # 73). The motion was inadvertently not filed until after the court had issued a Report and Recommendation. (Dkt. # 71).

Defendant's motion to withdraw the first motion to dismiss is **GRANTED. The Report and Recommendation addressing the first motion, (Dkt. # 71), is withdrawn.**

The court was perplexed when a second motion to dismiss was filed as Fed. R. Civ. P 12 (g) normally limits a party to one motion to dismiss. The fact that a motion to withdraw was prepared but inadvertently not filed explains the filing of a second motion to dismiss.

Plaintiff's motions are **DENIED.** Contrary to plaintiff's assertions the question raised in defendant's second motion to dismiss is a question of law and not a mixed question of law and fact. A motion to dismiss tests only the sufficiency of the complaint and the legal question that has been raised is whether the named defendants can be sued in their official or individual capacity for damages or injunctive relief.

Plaintiff's second motion, to transfer the case to Judge Burgess, is also **DENIED.** If plaintiff believes this action is duplicative or similar to other litigation he currently has pending before Judge Burgess, a motion to consolidate may be appropriate. The court does not normally shift a case to another Judge without good cause.

Defendant's motion to dismiss will be dealt with separately as it is a dispositive motion which requires a Report and Recommendation.

The Clerk is directed to send a copy of this Order, to plaintiff and counsel for defendants and remove docket numbers 69, 70, and 73 from the court's calendar.

DATED this 1st day of June 2006.

>    */S/ J. Kelley Arnold*
>    J. Kelley Arnold
>    United States Magistrate Judge

ORDER - 2