1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11
12
13

VINCENT DANIEL HOPPER A.K.A.
ANTOLIN ANDREW MARKS,

Case No.  C05-5680RBL

14

Plaintiff,

15

v.

16

MICHAEL MELENDEZ,

17

Defendant.

ORDER SETTING A DEADLINE
FOR SUMMARY JUDGMENT
BY DEFENDANT MELENDEZ
AND ORDER TO SHOW CAUSE

18
19
20

This <u>Bivens</u> action has been referred to the undersigned Magistrate Judge pursuant to Title 28

21

U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  The

22

only remaining defendant is Michael Melendez.  The remaining claims address the constitutionality of the

23

telephone system available for plaintiff.  All other defendants and all other claims were dismissed at

24

summary judgment.  <u>See</u>, (Dkt. # 129 and 132).  Defendant Melendez was invited to file a summary

25

judgment motion on the remaining claim (Dkt. # 113, page 10, Dkt. # 129).  **Defendant Melendez will**

26

**have until May 25, 2007 to file a dispositive motion.**

27

On April 17, 2006, the court entered a scheduling order in this case (Dkt. # 57).  A joint Status

28

report was to have been filed on or before April 16, 2007.  The court has not received that report.  The

Scheduling order specifically stated:

ORDER
Page - 1

Counsel and *pro se* parties are directed to confer and provide the court with a joint status report by no later than April 6th, 2007.  The joint status report shall contain the following information by corresponding paragraph numbers:

1.    A short and concise statement of the case, including the remaining legal and factual issues to be determined at trial;
2.    A narrative written statement from each party setting forth the facts that will be offered by oral or written documentary evidence at trial;
3.    A list of all exhibits to be offered into evidence at trial;
4.    A list of the names and addresses of all the witnesses each party intends to call along with a short summary of anticipated testimony of each witness.
5.    Whether the parties agree to arbitration or mediation under this district's arbitration program, and if so whether the arbitration will be final and conclusive or the right to trial de novo will be preserved (see Local Rule CR 39.1(d));
6.    Whether the case should be bifurcated by trying the liability issues before the damages issues, or specially managed in any other way;
7.    Any other suggestions for shortening or simplifying the trial in this case;
8.    The date the case will be ready for trial, considering Local Rule CR 16 deadlines;
9.    The dates on which trial counsel are unavailable and any other complications to be considered in setting a trial date;
10.   Whether the trial will by jury or non-jury;
11.   The number of trial days required, and suggestions for shortening trial;
12.    The names, addresses, and telephone numbers of all trial counsel and unrepresented (pro se) parties who intend to appear at trial.

If the parties are unable to agree on any part of the report, they may answer in separate paragraphs.  **Separate reports are <u>not</u> to be filed**.  Plaintiff's counsel (or plaintiff, if *pro se*) will be responsible for initiating communications for the preparation of the joint status report.

(Dkt. # 57).  Plaintiff is directed to show cause why a joint status report has not been filed and directed to show the court what steps were taken to prepare the report prior to April 16, 2007.  The parties are directed to confer and file a joint status report as soon as possible.

The clerk's office is directed to send a copy of this order to plaintiff and counsel for defendants and note May 25, 2007, as the due date for dispositive motions on the court's calendar.

DATED this 17 day of April, 2007.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER
Page - 2