UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VINCENT DANIEL HOPPER,

    Plaintiff,

    v.

Mr. MEYERS *et. al.*,

    Defendants.

Case No. C05-5680RBL

ORDER ON PLAINTIFF'S PENDING MOTIONS PENDING MOTIONS,

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court are four motions filed by plaintiff:

1.     Plaintiff's motion to delay consideration of summary judgment (Dkt. # 144).

2.     Plaintiff's motion to compel discovery, for a protective order, and for sanctions (Dkt. # 147).

3.     Plaintiff's motion for an extension of time to respond to defendant's motion for summary judgment (Dkt. # 148).

4.     Plaintiff's second motion to compel discovery, for a protective order, and for sanctions (Dkt # 149).

ORDER - 1

1  A. <u>Motion to delay consideration</u>.

2  On July 3, 2007, plaintiff filed his response (Dkt. # 152 and 155). The court has given

3  defendant until July 27, 2007, to file a reply (Dkt. # 156). This motion appears moot.

4  B. <u>Motion to compel discovery</u>.

5  The issue remaining in this action is whether the telephone system available to plaintiff meets

6  constitutionally acceptable minimums. Plaintiff seeks to force the defendant, a federal employee, to

7  provide eleven items in one request served on March 8, 2007. <u>See</u>, (Dkt. # 147, page 2). Each item

8  will be addressed separately.

9  1. <u>A copy of the "ACA" standards</u>.

10  Meeting ACA standards is not the issue in this action. The issue is whether the telephone

11  system available to plaintiff meets the constitutionally required minimum. Further, ACA standards

12  cover many areas and not just telephone access. Thus, the request is overly broad and unduly

13  burdensome. Defendant's objection is well taken.

14  2. <u>A full and complete copy of the Washington State Administrative Code, WAC's</u>.

15  Plaintiff fails to show any portion of the WAC's are in any way applicable to this action. The

16  code contains volumes of information completely irrelevant to this action. The request is overly

17  broad and unduly burdensome. Defendant's objection is well taken.

18  3. <u>The address for the "ACA."</u>

19  Plaintiff fails to show this information is related to the issues in this case, or that defendant

20  Melendez has this information.

21  4. <u>A complete copy fo the "ICE" detention standards</u>.

22  Plaintiff does not need a complete copy of the document. The only possible relevant section

23  would deal with access to a telephone. Plaintiff's request is therefore overly broad and unduly

24  burdensome. Defendants objection is well taken.

25  5. <u>A copy of all "PATN's" under 2.4.17 of "COW" 4-2-0122 of a telephone contract</u>.

26  Plaintiff does not define what a "PATN" or "COW" is in his motion (Dkt. # 147). The court

27  is not in a position to determine the relevance or burden of this request. Plaintiff has the burden of

28  ORDER - 2

proving he is entitled to a motion to compel. Plaintiff does not tell the court why this information is needed or how this information relates to his request for injunctive relief.

In responding to this request defendants assume the plaintiff is referring to "private attorney telephone numbers." Defendant provides a list of free call telephone numbers available to plaintiff (Dkt. # 144, Exhibit A, page 3). Plaintiff fails to show why this response is not adequate.

6. <u>A complete copy of section "J" of a contract</u>.

Plaintiff states he received a copy of the contract through discovery but that section "J" was missing. Defendant Melendez implies the entire contract was previously provided to plaintiff (Dkt. # 146, page 2). Defendant should ascertain if plaintiff has access to this section of this contract. If plaintiff was not provided a copy of the document defendant Melendez should be provided the document or objections to disclosure of this section of the contract should be served on plaintiff.

7. <u>A list of all numbers blocked as legal calls</u>.

Plaintiff fails to show this information is relevant to his claim that the telephone service available to him is in any way inadequate. The numbers requested would in many cases not be relevant to plaintiff. As worded the request is overly broad and unduly burdensome. Defendants objection is well taken.

8 and 9.   <u>A copy of the Tariffs filed with the State of Washington Utilities Commission and the FCC</u>.

Plaintiff fails to show why this information is relevant to the action or that defendant Melendez has this information. The issue in this case is the adequacy of the phone system. The defendant's response to this request states:

> Objection. Defendant does not have possession, custody or control of any documents responsive to this request. Moreover, this request is not reasonably calculated to lead to production of admissible evidence. The Tariff has nothing to do with the NWDC telephone access policy and its impact on Plaintiff's constitutional rights. This request seeks information outside the scope of discovery.

(Dkt. # 144, Exhibit A, page 12).

In response to plaintiff's motion defendant Melendez argues:

There are only two issues on summary judgment: (1) whether the limitations on

ORDER - 3

> Plaintiff's telephone access are reasonable in the face of legitimate security interests at the NWDC; and (2) whether Plaintiff's right to access the courts has been violated because of the NWDC's procedures for and availability of confidential communications (Dkt. #141). The discovery Plaintiff is seeking to compel is not relevant and is not required for Plaintiff to respond to the pending Motion for Summary Judgment.
>
> For example, Plaintiff seeks a copy of the American Correctional Association Standards, the Washington Administrative Code; and the Tariffs filed with the State of Washington Utilities Commission and the Federal Communications Commission. These requests are overly burdensome and not required for Plaintiff to respond to the pending motion. Rather, Plaintiff may contradict the Motion for Summary Judgment by affidavit or other evidence as allowed by Fed.Rule.Civ.Pro. 56(c).

(Dkt. # 146, page 4). The court agrees that this discovery seeks information far beyond the scope of this litigation and that the request is overly burdensome.

        10.    <u>A copy of all bids to provide the telephone services at NWDC</u>.

The issue in this case is not who bid to provide the services or what services were offered. The issue in this case is the constitutionality of the services that are provided. Plaintiff's request overly broad and unduly burdensome. Defendant's objection is well taken.

        11.    <u>A copy of all ICE standards</u>.

This request goes far beyond the scope of this litigation and overly broad and unduly burdensome. Defendant's objection is well taken.

In addition to the eleven request above, plaintiff seeks to compel defendant Melendez to produce all grievances he has filed, all Kites he submitted, all information reports written concerning him, and a copy of his custody file. These requests are far beyond what is reasonable or necessary for the limited issues raised in this case. The requests are overly broad and unduly burdensome. Defendant's objection is well taken.

The motion to compel, (Dkt. # 147), is **DENIED,** with the exception of defendant ensuring plaintiff has a copy of section "J" of the contract. Defendant may file an objection specific to this request.

    C.    <u>Plaintiff's motion for an extension of time to respond to the motion for summary judgment</u>.

This motion, (Dkt. # 148), is repetitive of the motion to delay consideration of summary

ORDER - 4

judgment (Dkt. # 144).  The issues have now been ruled on and will not be again addressed.

        D.      <u>Second Motion to Compel Discovery, for a Protective Order and for Sanctions</u>.

Review of this motion, (Dkt # 149), shows the motion to be repetitive of (Dkt. # 147).  The issues have now been ruled on and will not be again addressed.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

DATED this 10,  day of July, 2007.


                                      <u>/S/ *J. Kelley Arnold*</u>
                                      J. Kelley Arnold
                                      United States Magistrate Judge

ORDER - 5